UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
APR 02 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.  02 CR 287 |
| PAUL VAN EYL. | ) | Judge James B. Zagel |
| Defendant. | ) | |

### PAUL VAN EYL'S MOTION *IN LIMINE* REGARDING CHARGES, RULINGS OR SETTLEMENT OFFERS IN THE SEC CIVIL MATTER

Paul Van Eyl, by his attorneys, Cotsirilos, Tighe & Streicker, moves this Court *in limine* to preclude from evidence in this trial any testimony or other evidence regarding any rulings made in the SEC v. Kahn, Ehmann and Van Eyl civil case, which case concerns the same conduct and issues as this case. In support of this motion, Defendant states as follows:

1. The Defendant is charged with having engaged in a scheme to defraud the banks that did business with First Merchants' Acceptance Corporation, and to defraud the investing public by causing his employer, First Merchants Acceptance Corporation, to issue false financial information to the bank and the investing public. The indictment alleges that Mr. Van Eyl, along with others at First Merchants delayed the charge-off of certain accounts and granted deferrals to many others in an intentional effort to distort the true financial picture of the company in its publicly-issued financial statements. The government alleges that the conduct violated 18 U.S.C.§§1343, 1344, 1014, and 2, and 15 U.S.C. § 78j(b) and 78ff(a).

2. Previously, Defendants Mitchell Kahn (the CEO of First Merchants), Thomas Ehmann (the CFO of First Merchants), and Paul Van Eyl (one of several vice presidents at First



Merchants) were also charged civilly by the Securities and Exchange Commission with violations based on the same conduct which is alleged in the instant indictment. (*SEC v. Kahn, et al.*, Case No. 99 C 6343 (N.D. Ill.)

3. That civil case progressed through discovery and summary judgment was ultimately granted by Judge Nordberg on liability on several, but not all, of the counts alleged against Kahn and Van Eyl. (Ehmann settled the SEC case prior to the litigation beginning in earnest.)

4. Because of the ongoing grand jury investigation, throughout the SEC's civil case, Van Eyl's counsel advised him to invoke his Fifth Amendment privilege, and Van Eyl followed that advice and declined to testify. In granting summary judgment against Van Eyl, the district court relied on Van Eyl's invocation of his Fifth Amendment rights. *See* May 30, 2002 Memorandum Opinion and Order at 22 in Case No. 99 C 6343 (court's decision regarding Van Eyl was "bolstered by the adverse inference we chose to draw regarding his invocation of his Fifth Amendment rights to questions ...").

5. Obviously, one's invocation of his Fifth Amendment rights can lead to an adverse inference in a civil case (as happened to Van Eyl), but it cannot *under any circumstances* be used against a defendant in a criminal case. If any evidence or testimony is introduced regarding Van Eyl's refusal to testify in the SEC's civil case, or as to the summary judgment decision issued by Judge Nordberg in that case which was based, at least in part, on Van Eyl's exercise of his Fifth Amendment rights, Van Eyl will lose the protection guaranteed by the Fifth Amendment, and will be irreparably and unconstitutionally harmed.

6. For these reasons, the charges made by the SEC, and any rulings or findings made by the district court in that civil case must be excluded from this proceeding as they would be

2

variously unconstitutional, irrelevant, unfairly prejudicial. U.S. Const. Amend 5; Fed.R.Evid. 401 and 403. Likewise, any information that was part of any settlement discussions in that civil case should also be excluded here. *See*, Fed.R.Evid. 408 and 410.

7. Van Eyl further notes that several witnesses who will be called to testify in this criminal trial previously testified in the SEC civil case, and their prior testimony may be introduced at this trial -- whether by the prosecution or Defense counsel. It is respectfully suggested that reference to that testimony and the transcripts therefrom which will be used at this trial be referred to blandly as "prior testimony under oath on these matters" or words to that effect, rather than identifying in any way the irrelevant and prejudicial fact that the SEC filed charges against Paul Van Eyl. This is appropriate pursuant to both Rule 401 and Rule 403 of the Federal Rules of Evidence.

WHEREFORE, for the reasons stated above, Defendant Paul Van Eyl respectfully requests that his motion *in limine* to exclude evidence regarding the SEC's charges and/or the district court's rulings in the related civil case be granted.

Respectfully submitted,

_____
An Attorney for Defendant Paul Van Eyl

Theodore T. Poulos
Terence H. Campbell
COTSIRILOS, TIGHE & STREICKER, LTD.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602
(312) 263-0345

3