UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR 02 2003

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02 CR 287 |
| | ) | |
| PAUL VAN EYL, | ) | Judge James B. Zagel |
| | ) | |
| Defendant. | ) | |

## PAUL VAN EYL'S MOTION *IN LIMINE* REGARDING LAY OPINION TESTIMONY OR EVIDENCE ON ISSUES OF LAW AND/OR CONCLUSIONS OF FRAUD

Paul Van Eyl, by his attorneys, Cotsirilos, Tighe & Streicker, moves this Court *in limine* to preclude from evidence in this trial any lay opinion testimony or other opinion evidence regarding the legality of any of the conduct at issue in this case. In support of this motion, Defendant states as follows:

1. The Defendant is charged with having engaged in a scheme to defraud the banks that did business with First Merchants' Acceptance Corporation, and to defraud the investing public by causing his employer, First Merchants Acceptance Corporation, to issue false financial information to the bank and the investing public. The indictment alleges that Mr. Van Eyl, along with others at First Merchants delayed the charge-off of certain accounts and granted deferrals to many others in an intentional effort to distort the true financial picture of the company in its publicly-issued financial statements. The government alleges that the conduct violated 18 U.S.C. §§1343, 1344, 1014, and 2, and 15 U.S.C. § 78j(b) and 78ff(a).

2. Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences

>which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Fed.R.Evid. 701.

3. "In general, lay witnesses may not testify to an opinion that is simply a legal conclusion; lay testimony containing a legal conclusion conveys what may be erroneous legal standards to the jury, and invades the court's province in determining the applicable law and then instructing the jury." Weinstein's Federal Evidence, Second Ed., §701.04. *See also, United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980) (lay witness testimony characterizing conduct at issue as "unlawful" or "wilful" was improper and inadmissible); *United States v. Newman*, 49 F.3d 1, 7 (1st Cir. 1995) (ultimate legal opinion is inadmissible under Federal Rules of Evidence).

4. As the Seventh Circuit held in *Baskes*,

>When, as here, a witness is asked whether the conduct in issue was "unlawful" or "wilful" or whether the defendants "conspired," terms that demand an understanding of the nature and scope of the criminal law, the trial court may properly conclude that any response would not be helpful to the trier of fact. The witness, unfamiliar with the contours of the criminal law, may feel that the legal standard is either higher or lower than it really is. If either event is true, the jury may accord too much weight to such a legal conclusion.

*Baskes*, 649 F.2d at 478; *United States v. Espino*, 32 F.3d 253, 257-258 (7th Cir. 1994) (holding lay opinion testimony about legal implications of conduct at issue was improper and inadmissible, citing *Baskes*). *See also, United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997) (holding that district court erred in allowing lay opinion testimony about how government agency would view certain conduct); *United States v. Ness*, 665 F.2d 248, 250 (8th Cir. 1981) (danger of lay testimony about legality of conduct is "that the jury could easily accord too much weight to the pronouncement of a lay witness unfamiliar with the standards erected by the criminal law").

2

5. In discovery, the government has produced a number of FBI 302 reports to defense counsel, and the defense has also received a number of transcripts of prior testimony by several witnesses in this case regarding the conduct and matters at issue in this case. (*See* Van Eyl's "Motion *in Limine* Regarding Charges, Rulings or Settlement Offers in the SEC Civil Matter"). In some of those reports and transcripts, various witnesses offer their opinions as to the legality of the conduct at issue. For example, the FBI 302 report of government witness Robert Mark states, "Mark had 30 years of industry experience, yet *he had never seen anything so egregious* in his professional life. Mark believed that this was not a program to help customers by giving them a break. It was *clearly a program to manipulate the delinquency statistics and cook the books* at FMAC." (*See* Mark 302 at 3) (emphasis added).

6. Similarly, the 302 of government witness Steve Zemaitis, a financial analyst at First Merchants, is replete with improper opinion "testimony" about the "fraudulent" and "improper" nature of the conduct at issue. For example, the FBI 302 indicates that Zemaitis stated that some of the financial scenarios Zemaitis created and which were given to Kahn, Van Eyl and others were "*clearly improper* treatments of the accounts." (Zemaitis 302 at 3). Zemaitis opines that "*the most egregious fraudulent activity* that took place" occurred with the December deferrals. (Zemaitis 302 at 7). Zemaitis also offers his speculation that "Kahn and Van Eyl were attempting to manipulate the charge-off statistics presented to the board of directors, analysts, and investing public." (Zemaitis 302 at 3). Zemaitis later describes what he believes was an "ironic element of this *fraud*." (Zemaitis 302 at 4) (emphasis added). *See also*, Zemaitis 302 at 3, 11 (characterizing items as "improper elements"; *id.* at 4 (characterizing conduct regarding charge-off decisions as not "legitimate[]") *id.* at 6 (characterizing conduct as "improper balance adjustments"); *id.* at 11

3

(characterizing conduct as "manipulations" and opining that "Van Eyl knew exactly what was going on all along"); *id* at 12 (opining about Van Eyl's "motive" for his actions); *id.* at 12 (characterizing conduct as *"fraudulent activity"*).

7. Likewise, the 302 of government witness Richard Zielinski describes certain of the conduct at issue in this case as "the *fraudulently-treated* previous month's transactions were recognized." (Zielinski 302 at 7 (emphasis added)). Zielinski's 302 goes on to say that "it was obvious that there was *no legitimate reason* to do this other than to improve the year-end delinquency statistics." (*Id.* at 8 (emphasis added)). Likewise, government witness Peter Gorman, the former head of collections at First Merchants, testified in his SEC investigative deposition that "... it became apparent to me that they [i.e. the defendants] weren't probably doing everything properly or as they should be. ... *there was some improper activity taking place* as far as how they handled the accounts ..." Gorman SEC Dep. at 50 (emphasis added).

8. There are many other examples of such potential lay opinion testimony regarding the legality of the conduct at issue in the 302's and in the transcripts of prior testimony by various witnesses.

9. Testimony such as this on the legal significance of certain conduct is not "helpful" as required under Rule 701, nor is it relevant, and, accordingly, it is not admissible under Rules 701, 401 or 403. Indeed, as several courts' have held, such testimony impermissibly seeks to usurp the role of the Court (in giving legal instructions) and the jury (in applying those instructions to the facts) is improper and should be excluded. *See* Baskes, 649 F.2d at 478; *Espino*, 32 F.3d at 257-258; Weinstein's Federal Evidence, Second Ed., §701.04 (citing cases).

4

WHEREFORE, for the reasons stated above, Defendant Paul Van Eyl respectfully requests that his motion *in limine* to exclude lay opinion testimony or other lay opinion evidence regarding issues of law be granted.

Respectfully submitted,

_____
An Attorney for Defendant Paul Van Eyl

Theodore T. Poulos
Terence H. Campbell
COTSIRILOS, TIGHE & STREICKER, LTD.
33 North Dearborn Street, Suite 600
Chicago, Illinois 60602
(312) 263-0345

5